

U.S. Department of Justice

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 24, 2014

Page Kelley, Esq.
Jane Peachy, Esq.
Federal Public Defender Office
51 Sleeper Street 5th Floor
Boston, Massachusetts 02210

      Re:    United States v. Gregg D. Caplitz
             Criminal No. 12-10015-WGY

Dear Ms. Kelley and Ms. Peachy:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Gregg D. Caplitz ("Defendant"), in the above-referenced case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

At the earliest practicable date, Defendant shall plead guilty to all counts in which he is named in the above referenced Third Superseding Indictment: Count One, Conspiracy (18 U.S.C. § 371); Count Two, Investment Advisor Fraud (15 U.S.C. § 80(b)-6, 17); Count Three, False Filing with the SEC (15 U.S.C. § 78ff); Counts Four through Seven, Wire Fraud (18 U.S.C. § 1343); Count Eight, Impeding the Administration of the Internal Revenue Laws (26 U.S.C. § 7212(a)); Counts Ten through Fourteen, Filing a False Tax Return (26 U.S.C. 7206(1). Defendant expressly and unequivocally admits that he committed the crimes charged in Counts One through Eight and Counts Ten through Fourteen of the Third Superseding Indictment, did so knowingly, intentionally, and willfully, and is in fact guilty of those offenses.

    2.    <u>Penalties</u>

Defendant faces the following maximum penalties on each count of the Indictment: for each count of 18 U.S.C. § 371 and 15 U.S.C. § 80(b)-6, 17, incarceration for five years, a three year term of supervised release, a fine of $250,000 or twice the gross gain or loss, whichever is greater; a mandatory special assessment of $100, restitution, and forfeiture to the extent charged

in the Third Superseding Indictment, for each count of 18 U.S.C. § 1343 and 15 U.S.C. § 78ff, incarceration for twenty years, a three year term of supervised release, and a fine of $250,000 or twice the gross gain or loss; a mandatory special assessment of $100, restitution, and forfeiture to the extent charged in the Third Superseding Indictment, for each count of 26 U.S.C. §§ 7206(1) and 7212(a), incarceration for three years, a one year term of supervised release, and a fine of $250,000 or twice the gross gain or loss, whichever is greater, a mandatory special assessment of $100, restitution, and forfeiture to the extent charged in the Third Superseding Indictment.

Defendant also recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms his decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines ("USSG" or "Guidelines") promulgated thereunder. The USSG are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the USSG and the other factors set forth in 18 U.S.C. §3553(a).

The parties agree with respect to the application of the USSG that:

GROUP I (Investment Fraud Allegations):

(i) in accordance with USSG § 2B1.1(a)(1), Defendant's base offense level is 7, because one or more of Defendant's offenses of conviction have a statutory maximum term of imprisonment of 20 years or more;

(ii) in accordance with USSG § 2B1.1(b)(1), Defendant's offense level is increased by 16, because the loss amount is between $1 million and $2.5 million;

(iii) in accordance with USSG § 2B1.1(b)(2)(A)(i), Defendant's offense level is increased by 2, because Defendant's offense involved 10 or more victims;

(iv) in accordance with USSG § 3A1.1(b)(1), Defendant's offense level is

2

                increased by 2, because Defendant knew or should have known that a victim of the offense was a vulnerable victim.

    (v)     in accordance with USSG § 2B1.1(b)(19)(A)(iii), Defendant's offense level is increased by 4, because Defendant's offense involved a violation of securities law and, at the time of the offense, Defendant was an investment advisor.

    (vi)    Defendant's total offense level for the Investment Fraud Allegations, therefore, is 31.

GROUP II (Tax Fraud Allegations)

    (i)     in accordance with USSG § 2T1.1(a)(1), Defendant's tax base offense level from the Tax Table at § 2T4.1 is 20 because a reasonable estimate of the tax loss is that it exceeded $400,000 but was less than $1 million.

    (ii)    in accordance with USSG § 2T1.1(b)(1), Defendant's tax base offense level is increased by 2, because the defendant failed to report or to correctly identify the source of income exceeding $10,000 in any year from criminal activity.

    (iii)   Defendant's total offense level for the Tax Fraud Allegations, therefore, is 22.

In accordance with USSG § 3D1.4(c), because the combined offense level for Group II is 9 levels less serious than Group I, Group II has no effect on Defendant's total offense level.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the USSG or for a sentence outside the USSG under the factors set forth in 18 U.S.C. §3553(a). Accordingly, neither the U.S. Attorney nor the Defendant will seek a departure from the USSG or a sentence outside the USSG, except as explicitly reserved below.

In the event Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Guidelines sentencing range based on Defendant's medical, mental, and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and her experts (including Bureau of Prisons medical personnel) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in Defendant's possession. In addition, Defendant will authorize Defendant's care providers to discuss Defendant's condition with the U.S. Attorney and her agents (including Bureau of Prisons medical personnel), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including Bureau of Prisons medical personnel).

3

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's adjusted offense level under USSG §3E1.1.

The U.S. Attorney expressly reserves the right not to recommend a reduction under USSG §3E1.1 if, at any time between Defendant's execution of this Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit Defendant's conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

(d) Fails to provide truthful information about Defendant's financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

(f) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; or

(j) Attempts to withdraw Defendant's guilty plea.

Defendant expressly understands that Defendant may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that Defendant receive a reduction in offense level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG §3C1.1 if Defendant obstructs justice after the date of this Agreement.

Nothing in this Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

In the event the U.S. Attorney determines that Defendant has not provided substantial assistance pursuant to Paragraph 9, The U.S. Attorney agrees to recommend the following sentence before the Court:

    (a)    incarceration within the Guidelines sentencing range as calculated by the parties in Paragraph 3;

    (b)    a fine within the Guidelines sentencing range as calculated by the parties in Paragraph 3 unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

    (c)    36 months of supervised release;

    (d)    a mandatory special assessment of $2,600;

    (e)    restitution of at least $1,235,066 million to the victims of the investment fraud charges, and $400,000 to the Internal Revenue Service ("IRS") for the tax fraud charges; and

    (f)    forfeiture as set forth in Paragraph 11.

[handwritten margin note: "chart / fees / should be / subtracted"]

Defendant agrees to provide the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which Defendant intends to rely at sentencing not later than 14 days before sentencing. Any basis for sentencing as to which Defendant has not provided the U.S. Attorney all such items at least 14 days before sentencing shall be deemed waived.

The parties agree jointly to recommend the following special condition of any term of supervised release or probation:

During the period of supervised release or probation, Defendant must, within six months of sentencing or release from custody, whichever is later:

    (i)    cooperate with the Examination and Collection Divisions of the IRS;

    (ii)    provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

    (iii)    provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

5

  (iv) file accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

  (v) make a good faith effort to pay all delinquent and additional taxes, interest, and penalties.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of, any asset that has been restrained by Order of the Court in this case or any asset, whether or not restrained, that Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which Defendant has an interest without prior express written consent of the U.S. Attorney, except for:

  (a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $5,000

  (b) Ordinary living expenses necessary to house, clothe, transport, and feed Defendant and those to whom Defendant owes a legal duty of support, so long as such assets do not exceed $5,000 per month; and

  (c) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture, and restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Indictment are satisfied in full.

Defendant further agrees that Defendant will, prior to sentencing, truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7. <u>Waiver of Rights to Appeal and to Bring Future Challenge</u>

  (a) Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that, in some circumstances,

        Defendant may be able to argue in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. §2255, 28 U.S.C. §2241, or 18 U.S.C. §3582(c), that Defendant's conviction should be set aside or Defendant's sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) set aside or reduced.

    (b)    Defendant waives any right to challenge Defendant's conviction on direct appeal or in a future proceeding (collateral or otherwise).

    (c)    Defendant agrees that, if the Court grants the U.S. Attorney's motion for a downward departure pursuant to either USSG §5K1.1 or 18 U.S.C. §3553(e) and does, in fact, depart downward on that basis, Defendant will not file a direct appeal nor challenge in a future proceeding (collateral or otherwise) Defendant's sentence (including any orders relating to supervised release, fines, forfeiture, and restitution). If the Court does not downwardly depart pursuant to either USSG §5K1.1 or 18 U.S.C. §3553(e), Defendant agrees not to file a direct appeal nor challenge in a future proceeding (collateral or otherwise) any imprisonment sentence of 97 months or less or any orders relating to supervised release, fines, forfeiture, and restitution. This provision is binding even if the Court's Guidelines analysis is different from that set forth in this Agreement.

    (d)    The U.S. Attorney likewise agrees that, regardless of the analysis employed by the Court, the U.S. Attorney will not appeal any imprisonment sentence of 78 months or more.

    (e)    Notwithstanding the previous subparagraphs, Defendant reserves the right to claim that Defendant's lawyer was ineffective in connection with the negotiation of this plea agreement or the entry of the guilty plea.

8.    <u>Other Post-Sentence Events</u>

    (a)    In the event that, notwithstanding the waiver provision of Paragraph 7(c), Defendant appeals or challenges in a future proceeding (collateral or otherwise) Defendant's sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court in addition to arguing that any appeal or future challenge (collateral or otherwise) is waived as a result of the waiver in Paragraph 7(c).

    (b)    If, notwithstanding the waiver provision of Paragraph 7(c), Defendant seeks re-sentencing, Defendant agrees not to seek to be re-sentenced with the benefit of any change to the Criminal History Category that the Court calculated at the time of Defendant's original sentencing, except to the extent that Defendant has been found actually factually innocent of a prior crime.

7

(c) In the event of a re-sentencing following an appeal from or future challenge (collateral or otherwise) to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from and a sentence outside the USSG if, and to the extent, necessary to reinstate the sentence the U.S. Attorney advocated at Defendant's initial sentencing pursuant to this Agreement.

9. Cooperation

(a) Terms of Cooperation: Defendant agrees to cooperate fully with law enforcement agents and government attorneys. Defendant must provide complete and truthful information to all law enforcement personnel. If Defendant's testimony is requested, Defendant must testify truthfully and completely before any grand jury, and at any hearing and trial. Defendant must answer all questions posed by any law enforcement agents and government attorneys and must not withhold any information. Defendant must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, Defendant must furnish all documents, objects and other evidence in Defendant's possession, custody or control that are relevant to the government's inquiries.

Defendant understands that he has a right to have counsel present when communicating with representatives of the government about the criminal conduct with which Defendant has been charged. To facilitate Defendant's cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. Defendant or Defendant's counsel may revoke this waiver with a specific request at any time without otherwise affecting the terms or enforceability of this Agreement.

To ensure that the Court has all relevant sentencing information, Defendant waives any rights to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's cooperation is complete. Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

(b) Substantial Assistance Motion: Should Defendant provide substantial assistance in the investigation or prosecution of another person who has

8

committed a criminal offense, the U.S. Attorney agrees that, at or before sentencing, the U.S. Attorney will file a motion under USSG §5K1.1 to recommend that the Court impose a sentence below the advisory Guidelines sentencing range.

The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney will make this determination based on the truthfulness and value of Defendant's assistance, regardless of the outcome or result of any proceeding or trial. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to USSG §5K1.1 if Defendant violates any condition of pretrial release, violates any of the requirements of honesty and candor detailed in sub-paragraph 9(a) above, or engages in any criminal conduct after the date Defendant signs this Agreement. Defendant may not withdraw his guilty plea if the U.S. Attorney determines that Defendant has not rendered substantial assistance, or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

(c) <u>Sentence Recommendation with Substantial Assistance</u>: If Defendant provides substantial assistance, subject to all of the provisions of sub-paragraphs 9(a) and (b) above, the U.S. Attorney will advise the Court of the full nature, extent, and value of the assistance provided by Defendant. The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Defendant's sentencing, subject to the requirements of sub-paragraph 9(b) above.

(d) <u>Letter Immunity</u>: In return for Defendant's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendant pursuant to this Agreement or pursuant to the proffer letter dated December 20, 2013 (or any information directly or indirectly derived therefrom) against Defendant in any criminal case except in a prosecution: (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respond fully and accurately to all requests for information by the Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the constraints identified in USSG §1B1.8(a) and its commentary on the use of this information by the Court and U.S. Probation Office. Notwithstanding the provisions of USSG §1B1.8(b)(5) and its commentary, the U.S. Attorney agrees to take the position at sentencing that information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable Guidelines sentencing range to sentence Defendant or in determining whether, or to

what extent, a departure from the USSG is warranted.

If the U.S. Attorney determines that Defendant has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against Defendant in the District of Massachusetts, including, but not limited to, false statements and perjury.

10. <u>Court Not Bound by Agreement</u>

The parties' sentencing recommendations and their respective calculations under the USSG are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed, nor because the U.S. Probation Office or the Court declines to follow the parties' USSG calculations or recommendations. Should the Court decline to follow the U.S. Attorney's USSG calculations or recommendations, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any direct appeal or future challenge (collateral or otherwise).

11. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, all property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses charged in Counts One, and Three through Seven of the Third Superseding Indictment. Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Defendant's offense, they were used to facilitate Defendant's offense, and they were involved in Defendant's offense. Defendant agrees to consent to the entry of orders of forfeiture for such property, including the entry of an order of forfeiture in the form of a personal money judgment, and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding. To assist the United States in locating and forfeiting assets, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest, and all assets over which Defendant has exercised control, or has had any legal or beneficial interest, at any time from January 2003 to the present. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

12. **Information For Presentence Report**

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

13. **Civil Liability**

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Agreement. Defendant agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of his civil liabilities. Defendant specifically authorizes release by the FBI, IRS or other investigative agency to the aforementioned agencies and their representatives of information for purposes of making that assessment. Defendant further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose.

14. <u>Rejection of Plea by Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on Defendant's motion, this Agreement shall be null and void at the option of the U.S. Attorney.

15. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, regardless whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges that have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that his breach of an obligation under this Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea. Defendant further understands that, should he breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements that Defendant may make, and any information, materials, documents or objects that Defendant may provide to the government subsequent to this Agreement, or pursuant to the proffer agreement dated December 20, 2013, without any limitation. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

16. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

17. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated December 20, 2013. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral, with the sole exception of those contained in the proffer letter dated December 20, 2013 (subject to Paragraph 15, above). This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Sara Bloom.

                Very truly yours,

                CARMEN M. ORTIZ
                United States Attorney

By:                             
                CYNTHIA A. YOUNG
                Chief, Criminal Division
                JAMES D. HERBERT
                Deputy Chief, Criminal Division

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter, and that I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Gregg D. Caplitz
Defendant

Date: 3/11/2014

I certify that Gregg D. Caplitz has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

Page Kelley
Jane Peachy
Attorneys for Defendant

Date: 3/11/14

14